UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Appellee, | : |
| | : |
| v. | : |
| | : |
| GRANADOS (EFRAIN | : |
| GRANADOS-CORONA) | : |
| Defendant-appellant. | : |
| | : July 17, 2023 |

**DEFENDANT-APPELLANT EFRAIN
GRANADOS-CORONA'S RESPONSE
TO GOVERNMENT/S MOTION TO DISMISS**

*Introduction:*  Defendant Efrain Granados-Corona pleaded guilty and was sentenced in the Southern District of New York pursuant to a plea agreement that contained an appeal waiver.  The government has moved to dismiss the appeal because of that waiver.  This response, which essentially sets forth Argument One of our principal brief, *mutatis mutandis*, responds to the government's motion.

**The Court should not enforce the appeal waiver
of the plea agreement.**

*Factual and procedural background:*

*The plea agreement:* The plea agreement pursuant to which Efrain Granados entered his guilty plea and was sentenced contained an appeal waiver.

> It is agreed (I) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 235 to 293 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a

2

Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with ( or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $500,000, and the Government agrees not to appeal any fine that is greater than or equal to $50,000. The defendant also agrees not to appeal any special assessment that is less than or equal to $5,100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

A-043-044. The district court imposed a sentence of 212 months, a sentence that

was lower than the appeal waiver's upper limit of 293 months.

**The guilty plea proceeding:** During the course of the Rule 11

colloquy, the following exchange took place.

THE COURT: You have a statutory right to appeal. Do you understand?

THE DEFENDANT: Yes.

THE COURT: Although you have a statutory right to appeal, under your agreement, you've agreed not to file a direct appeal or bring a collateral challenge of any sentence within or below the guideline range of 235 to 293 months in prison.

Do you understand?

3

THE DEFENDANT: Yes.

A-124.

As noted, the district court imposed a sentence of 212 months, below the 293-month appeal threshold in the plea agreement.

***Standard of review:*** The appeal-waiver provision, admittedly, was not raised in the district court, but it is not the kind of question that would arise in that proceeding. If this Court decides that the appellate waiver should have specifically been raised in the district court, this Court reviews unpreserved issues for plain error. *United States v. Cook*, 722 F.3d 477, 480-81 (2d Cir. 2013). The plain-error standard is described in *United States v. Burden*, 860 F.3d 45, 52 (2d Cir. 2017):

> Plain error review requires a defendant to demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings. . . . .Generally, the "substantial rights" prong requires a defendant to demonstrate that the claimed error affected the outcome of the district court proceedings. . . .

***Discussion:*** This Court has provided instructions to appellate counsel who is appointed in cases in which a defendant has entered into an appeal waiver as a part of his plea agreement in the district court. *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). The guidance of *Gomez-Perez* anticipates that counsel will ultimately file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and this is not an *Anders* brief, but *Gomez-Perez* does instruct counsel that certain factors should be considered in this situation, so each is duly considered in the course of this argument.

4

As a general matter, "[w]aivers of the right to appeal a sentence are presumptively enforceable." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017); *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010); *accord*, *Gomez-Perez*, 215 F.3d at 319; *United States v. Salcido-Contreras*, 990 F.2d 51 (2d Cir. 1993).

It is not the case, however, "that these contractual waivers are enforceable on a basis that is unlimited and unexamined." *United States v. Ready*, 82 F.3d 551, 555 (2d Cir. 1996), *superseded on other grounds as stated in United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013).

There are a variety of situations in which this Court has indicated that it would decline to enforce appellate waivers. Each is considered below.

***Contractual invalidity:*** This Court has frequently stated that "[w]e construe plea agreements according to contract law principles . . . ." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011); *United States v. Yemitan*, 70 F.3d 746, 747 (2d Cir.1995). "[A] guilty plea can be challenged for contractual invalidity. . . ." *United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004); *accord*, *United States v. Lutchman*, 910 F.3d 33 (2d Cir. 2018). This Court has also stated that "because plea agreements are unique contracts, we temper the application of ordinary contract principles with special due process concerns for fairness and the adequacy of procedural safeguards." *United States v. Woltmann*, 610 F.3d 37, 39–40 (2d Cir.2010).

We have examined the plea agreement into which Efrain Granados-Corona

entered, A-043, and can find no provision that can be attacked as contractually invalid or ambiguous.

   ***Various constitutional defects:*** This Court has indicated that it would decline to enforce appellate waivers in cases in which errors of a constitutional magnitude or violations of fundamental rights have occurred during sentencing. *See, e.g., United States v. Woltmann*, 610 F.3d 37, 39-40 (2d Cir. 2010) (sentencing court essentially abdicated judicial responsibility for sentencing); *United States v. Liriano-Blanco*, 510 F.3d 168, 172 (2d Cir. 2007) (where district court repeatedly but mistakenly referred to the possibility of appeal to determine a question of first impression and was not corrected by counsel, appeal waiver would not be enforced); *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006) (errors in guilty plea proceedings); *United States v. Johnson*, 347 F.3d 412, 415, 419 (2d Cir. 2003) (sentence arguably based on defendant's indigence); *Gomez-Perez*, 215 F.3d at 319 (recognizing that appellate waiver is unenforceable if sentence were based on race); *United States v. Martinez-Rios*, 143 F.3d 662, 668-69 (2d Cir.1998) (waiver of appeal of *any* sentence within *any* guideline range that might be determined by the sentencing court is unenforceable); *accord, United States v. Goodman*, 165 F.3d 169, 174 (2d Cir. 1999); *United States v. Rosa*, 123 F.3d 94, 98 (2d Cir.) (1997) (recognizing that appellate waiver may be unenforceable if government breached the plea agreement); *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir.1995) (district court failed to enunciate sentencing rationale, abdicating judicial responsibility); *Ready*, 82 F.3d at 556-57 (2d Cir.1996) (waiver

6

not knowing and voluntary); *United States v. Jacobson*, 15 F.3d 19, 23 (2d Cir.1994) (sentence arguably based on naturalization status).

The undersigned can identify no such errors.

***Appellate waivers strictly construed:*** Appellate waivers are applied "narrowly," and this Court construes them "strictly against the Government." *United States v. Oladimeji*, 463 F.3d 152, 157 (2d Cir. 2006). "[B]ecause plea agreements are unique contracts, we temper the application of ordinary contract principles with special due process concerns for fairness and the adequacy of procedural safeguards." *Riggi*, 649 F.3d at 147 (internal quotation marks omitted). Accordingly, "courts construe plea agreements strictly against the Government," which "is usually the party that drafts the agreement" and "ordinarily has certain awesome advantages in bargaining power." *Ready*, 82 F.3d at 559.

As we have noted, we have examined the plea agreement, and in particular the appeal waiver provisions of the agreement, in order to identify some ambiguity, some inconsistency, some glitch in drafting that might inure to Efrain Granados-Corona's benefit. We can find no such ambiguity, inconsistency or glitch.

***Defects in Rule 11 canvass:*** The Court has declined to enforce appellate waivers where an insufficient factual basis for the plea or errors in the plea proceeding undermined the waiver's knowing, voluntary, and competent character. *See, e.g.*, *Liriano-Blanco*, 510 F.3d at 172; *Adams*, 448 F.3d at 497. The Court will not enforce a waiver of appellate rights when the "waiver was not made knowingly, voluntarily, and competently." *Gomez-Perez*, 215 F.3d at 319 . Such

7

circumstances may exist where there were significant errors in the process leading to the plea, including failure "to comply with the important strictures of Rule 11, which governs entry of guilty pleas." *United States v. Lloyd*, 901 F.3d 111, 118 (2d Cir. 2018).

The undersigned has reviewed the guilty-plea canvass and has not identified any errors that would allow for the withdrawal of the plea. Rule 11(b)(1)(M) does require the district court to inform a defendant of the court's obligation to calculate and consider the recommended guideline sentencing range, and the district court did so here, A-080. Misapprehensions at the time of plea concerning what that range might be do not violate Rule 11 I any case, but in this case, the plea agreement, the PSR, and the sentencing court concurred on the calculation of the guidelines and the recommended guideline range.

*Gomez-Perez*, 215 F.3d at 319 instructs that appellate counsel should consider whether it would be against an appellant's interest to contest his guilty plea. As noted, the undersigned has reviewed the plea proceeding against a Rule 11 checklist and has found no deficiency, but even if there were, the loss of certain benefits provided by the plea agreement could have serious adverse consequences, the most obvious being the reinstatement of the indictment and an increase in the sentence that he would face if convicted on all counts after a trial or a plea.

**Overriding public interest:** While a defendant who pleads guilty "can waive elemental constitutional and statutory rights," *United States v. Braimah*, 3 F.3d 609, 611 (2d Cir.1993), a defendant "may be deemed incapable of waiving a right

8

that has an overriding impact on public interests." *Ready*, 82 F.3d 551 at 555. Such a waiver may "irreparably discredit[] the federal courts," *id*. at 556; *accord United States v. Mezzanatto*, 513 U.S. 196, 204 (1995).

*Riggi*, 649 F.3d at 148, suggests that if "the right at issue" has "an overriding impact on public interests" and the "sentence was reached in a manner that the plea agreement" did not anticipate, an appellate waiver might be disregarded. We have in past briefs stated the principle more colorfully: A defendant sentenced by an orangutan who picked a number out of a hat would probably be permitted to appeal his sentence, no matter how meticulously crafted the plea agreement's appellate waiver or how careful the Rule 11 canvass might have been.[1]

We, as might be expected, view the issue presented in Argument 2 of our brief -- that the sentencing court erred in varying downwardly by only sixteen, rather than eighteen, months in order to account for the time Efrain Granados-Corona spent in the custody of Mexican authorities awaiting extradition to the United States -- as a question of such importance that disregard of the waiver is justified.

***Ineffective assistance of counsel:*** Finally, an appellate waiver may be disregarded in cases where the defendant has suffered from ineffective assistance of counsel. While Efrain Granados-Corona complains about the performance of his counsel, *see* Argument 2, *infra*, he did not voice such complaints during the

---

[1]Or, we might add, how accurate might be a defendant's prediction that the orangutan-sentencing method was likely to result in a sentence more merciful than a sentence within the recommended sentencing-guideline range.

JEREMIAH DONOVAN
JEREMIAH_DONOVAN@SBCGLOBAL.NET
ATTORNEY AT LAW • POST OFFICE BOX 554 • OLD SAYBROOK, CT 06475 • (860) 388-3750 • JURIS No. 305346

9

course of the proceedings below and the evidence necessary to corroborate his complaints is not the kind of material that can be expected to be found in the district court record. In his notice of appeal, Efrain Granados-Corona does set forth a number of complaints concerning his counsel's performance, but those complaints largely concern counsel's performance at sentencing rather than the decision as to whether to enter into the plea agreement with its appeal waiver.

"The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is reviewed de novo." *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000). The standard for establishing a claim of ineffective assistance of counsel is well established. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the deficient performance prejudiced defendant).

As is usual, the record on appeal does not include much evidence concerning Efrain Granados-Corona's interactions with defense counsel – the kind of evidence that would be submitted in a habeas proceeding. This Court has repeatedly expressed a "baseline aversion to resolving ineffectiveness claims on direct review." *United States v. Levy*, 377 F.3d 259, 265 (2d Cir. 2004); *accord*, *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). As we repeat in Argument 2, such claims are better suited for review in the first instance through a habeas petition to the district court, which is "the forum best suited to developing the facts

necessary to determining the adequacy of representation." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Without further evidence, consideration of ineffectiveness of counsel is "unripe for seasoned retrospection." *United States v. Salameh*, 152 F.3d 88, 160 (2d Cir. 1998). Mr. Efrain Granados-Corona is not foreclosed by law or by the plea agreement from asserting an ineffective assistance of counsel claim in a future motion under 28 U.S.C. § 2255.

    ***Governmental declination to seek enforcement of an appeal waiver:*** An appeal waiver may be ignored where the government declines to request its enforcement, as may occur where the government believes that a substantive issue raised by the appeal needs deciding or where the government agrees that fundamental fairness requires that the appeal be heard. When our brief was filed, the government had not moved to dismiss this appeal based on the appeal waiver, but now it has.

## CONCLUSION

    Because the appeal involves a question, in our view, of overriding public

11

interest, Efrain Granados-Corona respectfully requests that the government's motion to dismiss the appeal be denied.

Respectfully submitted,

s/s

JEREMIAH DONOVAN
123 Elm Street--Unit 400
P.O. Box 554
Old Saybrook, CT 06475
(860) 388-3750
FAX 388-3181
Juris no. 305346
Fed.bar.no. CT 03536
jeremiah_donovan@sbcglobal.net